## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ALLAH QUDDOOS ALLAH a/k/a     :
ELIJAH THOMAS,     :
                              :
        Plaintiff,     :
                              :     CASE NO. 5:13-CV-186-MTT-MSH
      VS.     :       42 U.S.C. § 1983
                              :
Warden TOM GRAMIAK, *et al.*,     :
                              :
       Defendants.     :
_____

## ORDER & RECOMMENDATION

Plaintiff Allah Quddoos Allah a/k/a/ Elijah Thomas, an inmate at Dooly State Prison ("DSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). He has also submitted a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the reasons explained below, Plaintiff's motion to proceed IFP is granted and service is ordered on Defendants Chaney and Gramiak.

## BACKGROUND

Plaintiff allegedly suffers from "obstructed sleep apnea" and requires a Continuous Positive Airway Pressure ("CPAP") machine while he sleeps. In July or August 2012, Plaintiff informed prison officials that the seal of his "face-nose mask" had deteriorated and the mask was no longer pressurized. As a result, while sleeping, Plaintiff allegedly periodically stops breathing, chokes, and gasps for air. Plaintiff allegedly repeatedly requested that Defendants Ms. Chaney, DSP Chief Counselor/Acting Deputy Warden of Care and Treatment, and Ann Tyndal, retired Georgia Department of Corrections

("GDOC") "Medical Staff," provide Plaintiff with a new CPAP machine or replacement parts for his machine.  Although prison officials have attempted to obtain replacement parts for Plaintiff's CPAP machine, Plaintiff purportedly still does not have a working machine.

In addition to Chaney and Tyndal, Plaintiff sues DSP Warden Tom Gramiak, DSP Chief Medical Doctor Sachdiva, and GDOC Medical Director Sharon Lewis.  Plaintiff appears to allege that Warden Gramiak frustrated Plaintiff's attempts to obtain a working CPAP machine based upon racial and religious discrimination and retaliation for a past grievance.   Plaintiff's only allegation against Lewis is that she denied Plaintiff's grievance appeal.   His sole allegation against Dr. Sachdiva is that he "authorize[s] the requisition of medical parts or supplies as needed."

Plaintiff seeks monetary damages and injunctive relief in the form of this Court ordering the Defendants to provide Plaintiff with a working CPAP machine.  Plaintiff requests only injunctive relief from Defendants Chaney and Tyndal.

## DISCUSSION

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner is generally precluded from proceeding IFP, if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted.   28 U.S.C. § 1915(g).

As Plaintiff himself points out, he has long had three "frivolous" strikes and thus been prohibited from proceeding IFP, unless he can satisfy the "imminent danger of

serious physical injury" exception.  *See Allah v. Ga. State Bd. of Pardons and Paroles*, No. 1:04-cv-1337-JEC, slip op. at 2-3 (N.D. Ga. May 28, 2004) (listing cases).   Plaintiff alleges that he satisfies this exception.

The Eleventh Circuit Court of Appeals addressed whether an inmate satisfies the "imminent danger" standard in *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). "Although some of the specific physical conditions about which [the plaintiff] complains may not constitute serious injury, the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."  *Id*. at 1350.   In making this determination, all allegations in the complaint must be assumed true and construed liberally in favor of the plaintiff.  *Id*.

Applying the above standards, the Court concludes that Plaintiff's medical condition and lack of a working CPAP machine may constitute imminent danger of serious physical injury.   The Court therefore **GRANTS** Plaintiff's motion to proceed IFP.   If Defendants dispute Plaintiff's being in "imminent danger" in their responsive pleadings, the Court will revisit the issue.   *See Butler v. Donald*, No. 1:05-cv-1874-CAM (N.D. Ga. July 14, 2006) (order vacating grant of IFP based on reconsideration of prisoner's claim of "imminent danger").

To the extent Plaintiff wishes to raise separate claims of retaliation, racial or religious discrimination, or improprieties in the grievance process, such claims do not satisfy the "imminent danger" standard.   Accordingly, it is **RECOMMENDED** that these claims be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

Moreover, Plaintiff fails to allege that Dr. Sachdeva or GDOC Medical Director Sharon Lewis participated in the denial of a working CPAP machine to Plaintiff, and injunctive relief is not available against retiree Ann Tyndal.  Accordingly, is therefore **RECOMMENDED** that Plaintiff Dr. Sachdeva, Dr. Sharon Lewis, and Ann Tyndal be dismissed without prejudice from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

Construing Plaintiff's allegations against Ms. Chaney and Warden Gramiak, liberally and in Plaintiff's favor, the Court will allow his claims relating to his CPAP machine to go forward against these Defendants.  As noted above, the Defendants may challenge Plaintiff's ability to proceed IFP under the "imminent danger" exception in their responsive pleadings.  Accordingly, as explained below, service is directed as to Defendants Chaney and Gramiak.

## ORDER FOR SERVICE

It is hereby **ORDERED** that service be made on Ms. Chaney and Warden Gramiak and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and

the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions,

pleadings, or correspondence shall be served   electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is

6

otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise

directed by the court.

## **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED and RECOMMENDED, this 11th day of June, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

8