IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLAH QUDDOOS ALLAH a/k/a ELIJAH THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> Warden TOM GRAMIAK, et al., <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 5:13-CV-186 (MTT) ) ) ) ) ) ) |

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Stephen Hyles. (Doc. 5). The Magistrate Judge recommends dismissing the Plaintiff's claims of retaliation, racial or religious discrimination, or improprieties in the grievance process because they do not satisfy the "imminent danger" standard required of "three strikes"[1] prisoners seeking to proceed *in forma pauperis*. Additionally, the Magistrate Judge recommends dismissing claims against Defendants Sachdiva and Lewis based on the Plaintiff's failure to sufficiently allege their participation in denying him a working CPAP machine. Also, the Magistrate Judge recommends dismissing the Plaintiff's claims for injunctive relief against Defendant Tyndal because she no longer is employed at the prison.

---

[1] Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner is generally precluded from proceeding IFP if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

The Plaintiff objects to the Recommendation.  (Doc. 9).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a de novo determination of the portions of the Recommendation to which he objects.  The Plaintiff cannot proceed *in forma pauperis* on his retaliation claim because he faces no imminent danger in that regard.  As to his claims against Defendants Sachdiva and Lewis, they are not sufficiently pled.  The Plaintiff's objection suggests additional facts *may* exist that illuminate these Defendants' specific roles in denying him access to a working CPAP machine.  However, an objection is not the appropriate means for presenting additional allegations, and if such facts do exist, the Plaintiff should file an amended complaint.  Finally, the Plaintiff's claim for injunctive relief against Defendant Tyndal is rendered moot by her retirement from the prison.

Accordingly, the Court **ADOPTS** the Recommendation and makes it the **ORDER** of this Court.  The Plaintiff's retaliation and discrimination claims, his claims against Sachdiva and Lewis, and his claim for injunctive relief against Tyndal are **DISMISSED without prejudice**.

**SO ORDERED**, this 16th day of July, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT