IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLAH QUDDOOS ALLAH a/k/a ELIJAH THOMAS, | : : : | |
| Plaintiff, | : : | CASE NO. 5:13-CV-186-MTT-MSH |
| VS. | : : | 42 U.S.C. § 1983 |
| Warden TOM GRAMIAK, *et al.*, | : : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Currently pending before the Court is Defendant's motion to dismiss. (ECF No. 11.) Subsequent to the filing of Defendant's motion to dismiss, Plaintiff filed an amended complaint within the time allowed by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 13.) Plaintiff's amendment is therefore considered an amendment as a matter of course and, as explained below, is subject to a preliminary review.

### BACKGROUND

In his original complaint Plaintiff alleged that he suffers from "obstructed sleep apnea" and requires a Continuous Positive Airway Pressure ("CPAP") machine while he sleeps. In July or August 2012, Plaintiff informed prison officials that the seal of his "face-nose mask" had deteriorated and the mask was no longer pressurized. As a result, while sleeping, Plaintiff contends he periodically stops breathing, chokes, and gasps for air. Plaintiff avers that he repeatedly requested that Defendants Ms. Chaney, DSP Chief Counselor/Acting Deputy Warden of Care and Treatment, and Ann Tyndal, retired

Georgia Department of Corrections (GDOC) "Medical Staff," provide him with a new CPAP machine or replacement parts for his machine. Although prison officials have attempted to obtain replacement parts for Plaintiff's CPAP machine, Plaintiff purportedly still does not have a working machine.

After preliminary review of Plaintiff's original complaint, only Plaintiff's claims against Warden Tom Gramiak and Deputy Warden Mabel Chaney for failure to provide Plaintiff with replacement parts for his CPAP machine were allowed to go forward. The Court dismissed Plaintiff's claims against Defendants Sachdeva and Lewis because Plaintiff failed to allege that they personally participated in the denial of a working CPAP machine. Furthermore, the Court dismissed Plaintiff's request for injunctive relief against Ann Tyndal because she is retired.

Plaintiff's Amended Complaint contains additional factual allegations against all of the above mentioned Defendants. Plaintiff now contends that Dr. Sachdiva, who is the Chief Medical Officer at Dooly State Prison, learned of his medical condition through Plaintiff's repeated sick call forms. (Am. Compl. ¶ 46, ECF No. 13.) Dr. Sachdiva also allegedly must view and approve every sick call request form. (*Id.* ¶ 48.) Additionally, Plaintiff now alleges that in September 2012, Defendant Tyndal informed Plaintiff that his CPAP machine was outdated and that she needed to see the machine to order the correct parts for the machine. (*Id.* ¶ 49.) Defendant Tyndal ordered new parts for Plaintiff, but those parts would not fit. (*Id.* ¶ 50.) Defendant Tyndal then told Plaintiff that he would have to be issued a new CPAP machine. (*Id.* ¶ 52.)

2

In January 2013, Plaintiff states that he filed a grievance regarding the CPAP machine because he had been without a machine for five months at that point. (Am. Compl. ¶ 54.) Plaintiff claims that Dr. Sachdiva and Dr. Sharon Lewis, the medical director for the Georgia Department of Corrections, participated in the denial of this grievance and his subsequent appeals, but failed to provide him with a working CPAP machine. (*Id.* ¶¶ 55-62.) Additionally, Plaintiff states that Warden Gramiak initially denied this grievance based on a statement from Defendant Tyndal stating that Plaintiff had failed to bring the CPAP machine to medical so that new parts could not be ordered. (*Id.* ¶ 67-68.) In May 2013, Plaintiff told Deputy Warden Chaney that he had brought the CPAP machine to medical. (*Id.* ¶ 72.) Deputy Warden Chaney contacted Defendant Tyndal who stated that the replacement parts for Plaintiff's CPAP machine had arrived and were in medical. (*Id.* ¶ 72-73.) Chaney said that she would be back in touch with Plaintiff regarding his CPAP machine, but did not contact Plaintiff again. (*Id.* ¶ 73.) Plaintiff seeks monetary damages from each of the above listed Defendants in their individual capacities and injunctive and declaratory relief from the Defendants in their official capacities.

## DISCUSSION

### I. Preliminary Review of Plaintiff's Amended Claims

Federal Rules of Civil Procedure Rule 15(a)(1)(B) allows a party to amend its pleading one time as a matter of course in response to a motion to dismiss pursuant to Rule 12(b). Consequently, Plaintiff is entitled to amend his Complaint this one time.

3

Plaintiff's amendments, however, require additional consideration pursuant to the Prisoner Litigation Reform Act's preliminary review ("PLRA"). 28 U.S.C. § 1915A.

    A.    Standard for Preliminary Review

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B.     Analysis of Plaintiff's Claims

Plaintiff's claims, as amended, center around the assertion that he has been denied replacement parts for his CPAP machine. Plaintiff alleges that Defendant Tyndal (1) ordered his replacement parts which did not fit his CPAP machine, (2) ordered a second set of replacement parts, but did not tell Plaintiff that they were in medical, and (3) wrote a false statement during a grievance investigation stating that Plaintiff failed to bring his CPAP machine to medical so that replacement parts could be ordered. He contends that Warden Gramiak denied his grievance request based on this false statement by Defendant Tyndal and failed to obtain CPAP replacement parts. Plaintiff's only allegations

5

concerning Defendants Sachdiva and Lewis are that as medical supervisors, they denied his grievance on appeal and thus failed to provide him with a working CPAP machine. Finally, Plaintiff contends that he told Deputy Warden Chaney that he had not been given CPAP replacement parts and that she contacted Defendant Tyndal and discovered that Plaintiff's replacement parts were stored in medical. Plaintiff claims that each Defendant is liable for deliberate indifference to his severe medical needs. Furthermore, Plaintiff seeks an injunction requiring that Defendants provide him with a working CPAP machine. Because Defendants Chaney and Gramiak have moved to dismiss Plaintiff's complaint against them, the Court addresses their claims in their individual capacities *infra* in section II.

> *1. Deliberate Indifference Against Defendants Sachdiva, Lewis, and Tyndal*

In order to establish deliberate indifference, Plaintiff must show three things: (1) a serious medical need, (2) deliberate indifference to that serious medical need, and (3) causation. *Goebert. v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). For purposes of preliminary review, the Court assumes that Plaintiff has a serious medical need. To establish deliberate indifference to that serious medical need, "Plaintiff must show that a Defendant had (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* (alteration in original) (internal quotation marks and citation omitted). "Deliberate indifference may result not only from failure to provide medical care at all, but also from excessive delay[.]" *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

6

Plaintiff has failed to state a claim for deliberate indifference against Defendants Sachdiva and Lewis.  At best, Plaintiff has alleged that Defendants Sachdiva and Lewis, in their capacities as supervisory medical officers, denied his grievance appeals based on a false statement by Defendant Tyndal that Plaintiff had failed to bring his CPAP machine to medical so that he could receive replacement parts.  Plaintiff has not alleged that either of these Defendants personally participated in a decision to deny him any replacement parts. "It is well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013) (internal quotation marks and citation omitted) (alteration in original); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (declining to hold supervisors liable under §1983 where only allegations against supervisors were that they denied plaintiff's grievances and failed to remedy alleged unconstitutional behavior).  Consequently, it is recommended that the claims against Defendants Sachdiva and Lewis in their individual capacities be dismissed.

Plaintiff's allegations against Defendant Tyndal, however, are sufficient to survive preliminary review.  Only the claim of deliberate indifference against Defendant Tyndal in her official capacity should proceed.  Service is therefore directed against Defendant Tyndal in accordance with the Order for Service issued on June 11, 2013.  (ECF No. 5.) Defendants have previously requested fourteen days from the date of a preliminary review to respond to Plaintiff's Amended Complaint.  (ECF No. 15.)  Defendants are therefore

ordered to respond to Plaintiff's claims against Defendant Tyndal in her individual capacity within fourteen (14) days from the date of this Order.

### 2. Request for Injunctive and Declaratory Relief

Plaintiff also sues all the Defendants in their official capacities seeking declaratory and injunctive relief in the form of a new or working CPAP machine. Since the filing of his complaint, Plaintiff has been transferred from Dooly State Prison to Valdosta Transitional Center. (Notification of Change of Address 1, ECF No. 18.) "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, -- U.S. – 131 S. Ct. 1651 (2011); *see also Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Since Plaintiff has been transferred from Dooly State Prison, his claims for declaratory and injunctive relief are moot and should be dismissed. *See, e.g., Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.").

## II. Defendants Gramiak and Chaney's Motion to Dismiss

### A. Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### B. Qualified Immunity

Defendants contend, *inter alia*, that Plaintiff's claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory

9

or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he or she was acting within her discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). It is undisputed in this case that Defendants Gramiak and Chaney were acting within their discretionary authority. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[1] The Court therefore must determine whether the Plaintiff has sufficiently alleged that the

---

[1] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

defendant's conduct violated a constitutional right and whether that right is clearly established.

### 1. Defendant Gramiak

Plaintiff claims that Defendant Gramiak violated his constitutional rights by being deliberately indifferent to his serious medical need. Specifically, he asserts that Warden Gramiak denied his grievance request asking for a working CPAP machine and that when Warden Gramiak denied the request he knew that Plaintiff had been without a working machine for five months. (Pl.'s Resp. to Defs.' Mot. to Dismiss 3-4, ECF No. 14.) Plaintiff explains that Defendant Gramiak denied the grievance request stating:

> Inmate Thomas has been placed on lay in and instructed to bring CPAP machine to medical so that parts can be ordered. Inmate Thomas has failed to do so. His complaint is without merit.

(*Id.* 3.) However, Plaintiff further states that Warden Gramiak came to this conclusion based on a false statement by Defendant Ann Tyndal claiming that Plaintiff failed to bring his CPAP machine to medical so that parts could be ordered. (*Id.* 4; Am. Compl. ¶ 67-68.) Plaintiff does not argue that Defendant Gramiak took any other action which he contends violated his constitutional rights. These allegations, taken as true, fail to show constitutional violation of a clearly established right.

As explained above, in order to establish deliberate indifference to a serious medical need, "Plaintiff must show that a Defendant had (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks

and citation omitted). Plaintiff has merely alleged that Defendant Gramiak denied his grievance request for a working CPAP machine based on a statement from a medical staff member that Plaintiff failed to bring his CPAP machine to medical as directed. Defendant Gramiak's failure to further investigate Tyndal's statement to determine that this statement was false is at best negligence, which does not rise to the level of deliberate indifference. Consequently Defendant Gramiak is entitled to qualified immunity.

Furthermore, even assuming that Plaintiff has sufficiently alleged a constitutional violation, such constitutional violation is not clearly established. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks and citation omitted). The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013). Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." *Loftus v.*

*Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted). "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

There is no law, case law or otherwise, that establishes that a Warden's denial of a medical grievance, based on his belief in a false medical staff statement, is unconstitutional. In other words, there is no law that establishes that in determining whether to deny a medical grievance, a Warden must take additional steps or instigate an investigation further than what was admittedly done in this case. There is also no law that establishes that a Warden in a similar situation must take additional steps after such a grievance was denied to assure that Plaintiff received his requested medical equipment. It is likewise unlikely that any reasonable warden in a similar situation would have taken additional steps or pursued a further investigation. It is therefore not clearly established that Warden Gramiak's actions in this case violated any constitutional right, and Warden Gramiak is entitled to qualified immunity. Defendant Gramiak's motion to dismiss should therefore be granted.

13

### 2. *Defendant Chaney*

Plaintiff does not allege that Defendant Chaney actually denied him a working CPAP machine or parts for that CPAP machine. Instead, Plaintiff contends that Defendant Chaney contacted medical during the grievance process and found out that replacement parts for Plaintiff's CPAP machine had arrived. (Pl.'s Resp. to Defs.' Mot. to Dismiss 3-4.) Defendant Chaney then told Plaintiff that she would try to find out why he had not received the replacement parts and that she would be back in contact with Plaintiff. (*Id.* 4; Am. Compl. ¶ 72-73.) However, Defendant Chaney did not contact Plaintiff again and Plaintiff contends that Defendant Chaney "took no corrective action." (Pl.'s Resp. to Defs.' Mot. to Dismiss 4.) This, Plaintiff alleges, constitutes deliberate indifference to his serious medical needs. The Court disagrees and finds that Plaintiff has failed to allege a constitutional violation or that such violation is clearly established.

Plaintiff alleges that Defendant Chaney knew that the replacement parts for Plaintiff's CPAP machine were at medical, but failed to follow up with Plaintiff concerning those parts. Plaintiff does not allege that Defendant Chaney denied Plaintiff access to those parts or had an obligation to get the parts for him. Deliberate indifference requires an allegation that the actions of the state official were "poor enough to constitute an unnecessary and wanton infliction of pain and not merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks and citation omitted) (alterations in original). While Defendant Chaney may have

14

failed to follow up with Plaintiff concerning whether the CPAP replacement parts should have been provided to him earlier, this action does not constitute deliberate indifference to Plaintiff's medical needs.   Similar to the actions of Defendant Gramiak, at best Defendant Chaney's non-action under these allegations could be construed as negligence which does not rise to the level of a constitutional violation.  Consequently, Defendant Chaney is entitled to qualified immunity and Defendant Chaney's motion to dismiss should also be granted.

### III.   Miscellaneous Motions

Plaintiff has also moved to commence discovery and to rule on Defendants' motion to dismiss.  (ECF No. 17.)  To the extent that the Court is recommending a ruling on Defendants' motion, Plaintiff's motion for a ruling is granted.  Furthermore, discovery will commence regarding Defendant Tyndal following service and in accordance with the previous Order for Service.

Finally, Plaintiff moves to recuse the district judge from this case because the district judge has prejudiced the Plaintiff and discriminated against him by failing to rule on Plaintiff's request for injunctive relief or Defendants' motion to dismiss.  Since Plaintiff submitted an affidavit in support of his motion to recuse, the Court assumes that he is moving to recuse under 28 U.S.C. § 144 for what he alleges is the district judge's personal bias and prejudice.[2]  "To warrant recusal under § 144, the moving party must

---

[2] Section 144 states in relevant part:

allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 233 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted). Plaintiff has failed to allege in his affidavit any facts which show that the district judge is in any way biased against Plaintiff. Plaintiff's only allegation of bias centers around the Court's failure to rule on his "request for preliminary injunction" or the Defendants' motion to dismiss since July 2013. This does not demonstrate bias or prejudice. Furthermore, Plaintiff has not moved for a preliminary injunction, but has merely requested injunctive relief in his complaint. Consequently, Plaintiff's motion to recuse should be denied.

## CONCLUSION

For the reasons explained above, Plaintiff's amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A, and only the claims against Defendant Tyndal in her individual capacity for deliberate indifference should be allowed to proceed. Service is thus ordered on Defendant Tyndal. The parties should follow the same discovery schedule and rules as previously explained in the June 11, 2013 Order for Service. In accordance with her previous request, counsel for Defendants Gramiak and Chaney is expected to respond to Plaintiff's allegations regarding Defendant Tyndal within fourteen days from the date of this Order.

---

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

It is also recommended that Defendants Gramiak and Chaney's motion to dismiss (ECF No. 11) be granted.  Plaintiff's motion for discovery and to rule on Defendants' pending motion (ECF No. 17) is granted.   However, Plaintiff's motion to recuse is denied. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 6th day of February, 2014.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE