IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLAH QUDDOOS ALLAH a/k/a ELIJAH THOMAS, | : : : | |
| Plaintiff, | : : | |
| VS. | : : | CASE NO. 5:13-CV-186-MTT-MSH 42 U.S.C. § 1983 |
| Warden TOM GRAMIAK, *et al.*, | : : : | |
| Defendants. | : | |
| _____ | | |

## ORDER & RECOMMENDATION

Currently pending before the Court is Defendant Tyndal's motion to dismiss (ECF No. 27) claiming, *inter alia*, that Defendant Tyndal is entitled to qualified immunity. For the reasons explained below, it is recommended that Defendant's motion be granted.

### BACKGROUND

In his original complaint Plaintiff alleged that he suffers from "obstructed sleep apnea" and requires a Continuous Positive Airway Pressure ("CPAP") machine while he sleeps. In July or August 2012, Plaintiff informed prison officials that the seal of his "face-nose mask" had deteriorated and the mask was no longer pressurized. As a result, while sleeping, Plaintiff contends he periodically stops breathing, chokes, and gasps for air. Plaintiff avers that he repeatedly requested that Defendants Ms. Chaney, DSP Chief Counselor/Acting Deputy Warden of Care and Treatment, and Ann Tyndal, retired Georgia Department of Corrections (GDOC) "Medical Staff," provide him with a new CPAP machine or replacement parts for his machine. Although prison officials have

attempted to obtain replacement parts for Plaintiff's CPAP machine, Plaintiff did not have a working machine at the time of filing of the Complaint.

After preliminary review of Plaintiff's original complaint, only Plaintiff's claims against Warden Tom Gramiak and Deputy Warden Mabel Chaney for failure to provide Plaintiff with replacement parts for his CPAP machine were allowed to go forward. The Court dismissed Plaintiff's claims against Defendants Sachdeva and Lewis because Plaintiff failed to allege that they personally participated in the denial of a working CPAP machine. Furthermore, the Court dismissed Plaintiff's request for injunctive relief against Ann Tyndal because she is retired.

Plaintiff then filed an Amended Complaint against all of the above mentioned Defendants. As is relevant to the currently pending motion, Plaintiff alleges that in September 2012, Defendant Tyndal informed Plaintiff that his CPAP machine was outdated and that she needed to see the machine to order the correct parts for the machine. (*Id.* ¶ 49.) Defendant Tyndal ordered new parts for Plaintiff, but those parts would not fit. (*Id.* ¶ 50.) Defendant Tyndal then told Plaintiff that he would have to be issued a new CPAP machine. (*Id.* ¶ 52.)

In January 2013, Plaintiff states that he filed a grievance regarding the CPAP machine because he had been without a machine for five months at that point. (Am. Compl. ¶ 54.) Plaintiff claims that Warden Gramiak initially denied this grievance based on a statement from Defendant Tyndal averring that Plaintiff had failed to bring the CPAP machine to medical so new parts could not be ordered. (*Id.* ¶ 67-68.) In May 2013, Plaintiff told Deputy Warden Chaney that he had brought the CPAP machine to medical.

2

(*Id.* ¶ 72.) Deputy Warden Chaney contacted Defendant Tyndal who stated that the replacement parts for Plaintiff's CPAP machine had arrived and were in medical. (*Id.* ¶ 72-73.) Chaney said that she would be back in touch with Plaintiff regarding his CPAP machine, but did not contact Plaintiff again. (*Id.* ¶ 73.)

The Court conducted a preliminary review of Plaintiff's Amended Complaint and allowed only the deliberate indifference claim against Defendant Tyndal in her individual capacity to proceed. Additionally, the Court granted Defendants Gramiak and Chaney's motion to dismiss finding that they were entitled to qualified immunity. Defendant Tyndal has now moved to dismiss (ECF No. 27) likewise asserting a defense of qualified immunity. This motion is ripe for review.

## DISCUSSION

### I.  Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable

3

expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Qualified Immunity

Defendant contends, *inter alia*, that Plaintiff's claims against her in her individual capacity should be dismissed because she is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he or she was acting within her discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). It is clear that Defendant Tyndal was acting pursuant to her job duties, and consequently within

4

her discretionary authority, when she responded to an inquiry from the warden regarding Plaintiff's grievance.  *See, e.g., Roberts v. Spielman*, 643 F.3d 899, 903 (11th Cir. 2011) (explaining that "discretionary authority" includes "all actions of a government official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority) (internal quotation marks and citation omitted). Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation."  *Anderson*, 501 F. App'x at 916 (citation omitted).[1] The Court therefore must determine whether the Plaintiff has sufficiently alleged that the defendant's conduct violated a constitutional right and whether that right is clearly established.  Even assuming that Plaintiff has sufficiently alleged a constitutional violation, which the Court declines to find, such constitutional violation is not clearly established.

"To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right."  *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original).  "In other words, existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* (internal quotation marks and

---

[1] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first.  *McCullough*, 559 F.3d at 1205.

citation omitted). The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013). Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted). "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

There is no law, case law or otherwise, that establishes that a prison employee's false statements resulting in a grievance denial is unconstitutional. To the contrary, the few cases the Court has been able to find that have addressed this issue have found that such an allegation fails to state a constitutional violation. *See, e.g., Burks-Bey v. Stevenson*, 328 F. Supp. 2d 928, 938 (N.D. Ind. 2004) ("There is no Constitutional

obligation for a prison to have a grievance procedure and being lied to does not state a claim for the violation of a Constitutional right."); *Pugh v. Holden-Selby*, No. 12-cv-12357, 2013 WL 5874727 at *5 (E.D. Mich. Oct. 30, 2013) ("The only wrongful act alleged against Defendant Engstrom is that her response to his grievance was 'full of blatant lies and coverups . . . .' This allegation does not amount to a constitutional violation."); *Powers v. Clay*, No. V-11-051, 2012 WL 130405 at *5 (S.D. Tex Jan. 17, 2012) (finding that allegation that warden "lied" in his response to a grievance "fail[s] to state a constitutional violation because prisoners have no constitutional right to have their grievances investigated or responded to favorably[]"). It is therefore not clearly established that Defendant Tyndal's actions in this case violated any constitutional right, and she is entitled to qualified immunity. Defendant Tyndal's motion to dismiss should therefore be granted.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Tyndal's motion to dismiss (ECF No. 27) be granted. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 3rd day of September, 2014.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE