IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLAH QUDDOOS ALLAH a/k/a ELIJAH THOMAS, | : : : | |
| Plaintiff, | : : | CASE NO. 5:13-CV-186-MTT-MSH |
| VS. | : : | 42 U.S.C. § 1983 |
| Warden TOM GRAMIAK, *et al.*, | : : | |
| Defendants. | : | |

### ORDER & RECOMMENDATION

Currently pending before the Court are the parties' cross motions for summary judgment (ECF Nos. 47, 50) and Plaintiff's motion to amend (ECF No. 48), motion to compel (ECF No. 56), and motion to stay (ECF No. 59). For the reasons explained below, Plaintiff's motion to compel and motion to stay are denied. It is recommended that Plaintiff's motion to amend be denied, Defendant's motion for summary judgment be granted, and Plaintiff's motion for summary judgment be denied.

### BACKGROUND

In his original complaint Plaintiff alleged that he suffers from "obstructed sleep apnea" and requires a Continuous Positive Airway Pressure ("CPAP") machine while he sleeps. In July or August 2012, Plaintiff informed prison officials at Dooly State Prison (DSP) that the seal of his "face-nose mask" had deteriorated and the mask was no longer pressurized. As a result, while sleeping, Plaintiff contends he periodically stops breathing, chokes, and gasps for air. Plaintiff avers that he requested that Defendant Ann

Tyndal, retired nurse at DSP, provide him with a new CPAP machine or replacement parts for his machine. Although prison officials have attempted to obtain replacement parts for Plaintiff's CPAP machine, Plaintiff did not have a working machine at the time he filed the Complaint.

After preliminary review of Plaintiff's original complaint, only Plaintiff's claims against Warden Tom Gramiak and Deputy Warden Mabel Chaney for failure to provide Plaintiff with replacement parts for his CPAP machine were allowed to go forward. The Court dismissed Plaintiff's claims against Defendants Sachdeva and Lewis because Plaintiff failed to allege that they personally participated in the denial of a working CPAP machine. Furthermore, the Court dismissed Plaintiff's request for injunctive relief against Ann Tyndal because she is retired.

Plaintiff then filed an Amended Complaint against all of the above mentioned Defendants. The Court conducted a preliminary review of the Amended Complaint and allowed only the deliberate indifference claim against Defendant Tyndal in her individual capacity to proceed. Additionally, the Court granted Defendants Gramiak and Chaney's motion to dismiss finding that they were entitled to qualified immunity. Defendant Tyndal also moved to dismiss (ECF No. 27), which the undersigned recommended granting. R. & R. 4-7, Sept. 3, 2014, ECF No. 35. The district judge rejected the Report and Recommendation finding that "Tyndal's inaction, coupled with intentionally subverting his grievance process, demonstrates a conscious disregard of Allah's need for his machine by conduct that was more than grossly negligent." Order 10, Jan. 21, 2015, ECF No. 43. The district judge likewise found that "Tyndal's conduct, if proven, caused

an inordinate delay in obtaining a necessary, prescribed treatment for a serious medical condition in a manner proscribed by precedent." *Id.* at 13.  Thus, the district judge denied Defendant Tyndal's motion to dismiss.  *Id.* at 15.

The discovery stay was lifted on January 23, 2015, Text-only Order, Jan. 23, 2015, and Defendant Tyndal filed her answer on February 4, 2015.  (ECF No. 46.)  The parties had until Tuesday, May 5, 2015 to complete discovery and until Thursday, June 4, 2015 within which to file dispositive motions.  Plaintiff filed a motion for summary judgment on April 21, 2015 (ECF No. 47).  On April 27, 2015, he filed a motion to amend his complaint (ECF No. 48) to assert claims against a new defendant—Peggy Cranford, the director of nursing at DSP.  Defendant Tyndal objects to Plaintiff's motion to amend. (ECF No. 49.)  Defendant Tyndal then filed a cross motion for summary judgment (ECF No. 50).

On May 19, 2015, Plaintiff filed a motion to compel discovery.  (ECF No. 56.) Specifically, he seeks additional information in response to his interrogatory requests. Mot. to Compel 2-5.  Plaintiff then filed a "Notice of Good Faith" on June 8, 2015, in which he seeks to have the Court stay ruling on his motion to compel.  He does not state in this notice that he attempted to communicate with Defendant and in good faith resolve the discovery dispute prior to filing a motion to compel.  These motions are ripe for review.

## DISCUSSION

### I.    Motion to Amend

Plaintiff seeks to amend to add as a defendant Peggy Cranford, the Director of Nursing at DSP.  (ECF No. 48.)  He claims that he discovered new evidence about her

3

during discovery such that he should be allowed to amend. Specifically, he states: (1) that Peggy Cranford was not present at either meeting between him and Nurse Tyndal, Proposed Am. Compl. 4; (2) that between October and December 2012, he believes he made a formal complaint with the Medical Director and had an interview with Peggy Cranford at which he informed her that he did not have a working CPAP machine and had been without one for several months, *Id.*; (3) during the interview, Peggy Cranford told Plaintiff that she would "look into the . . . matter," *Id.*; and (4) Peggy Cranford provided the "witness statement" in response to the January 2013 grievance which Plaintiff says contains false information, *Id.* at 6-7. Plaintiff claims that these actions constitute deliberate indifference to his medical needs and that he should be allowed to amend pursuant to Federal Rules of Civil Procedure 15(c)(1)(A), 15(c)(1)(B), and 15(d).

This motion to amend falls under Rule 15(a)(2) which requires leave of court. Such leave should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). An amendment is futile if the claims asserted therein would be barred by the applicable statute of limitations. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (discussing denying amendment as futile because statute of limitations expired).

Plaintiff filed his motion to amend on April 27, 2015. Proposed Am. Compl. 9. Therein, he complains about actions by Peggy Cranford that occurred between October 2012 and January 2013. He contends that these actions constitute deliberate indifference

4

in violation of § 1983.  It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to § 1983.  *Wallace v. Kato*, 549 U.S. 384, 386 (2007).  The Georgia statute of limitations for personal injury is two years.  O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").  A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Since all of the actions Plaintiff complains about occurred between October 2012 and January 2013, Plaintiff had to file his amendment to add Peggy Cranford by January 2015 in order to be within the two-year statute of limitations.  His amendment, however, was filed in April 2015—outside the limitations period.  It should thus be denied as futile.

Plaintiff makes three arguments in an attempt to circumvent the statute of limitations bar: (1) he only recently discovered that Peggy Cranford, not Defendant Tyndal, wrote the witness statement which caused his January 2013 grievance to be denied; (2) his amendment relates back to the original filing under Rule 15(c); and (3) he should be allowed to supplement his complaint under Rule 15(d).  These arguments are meritless.

First, Plaintiff cannot avoid the statute of limitations bar due to "newly discovered evidence."  Although Plaintiff states that he just discovered that Peggy Cranford made the

5

grievance witness statement, his other contentions against her were known prior to the filing of this action. Specifically, Plaintiff states that he met with Peggy Cranford in October or December 2012 and told her at that time that he did not have a working CPAP machine. He further avers that he made a formal complaint with her and that she told him she would look into the matter. Proposed Am. Compl. 4. He also states that he did not hear from her again and that she failed to procure him a working CPAP machine. *Id.* at 6-7. Plaintiff filed his Complaint in May 2013 (ECF No. 1) and his Amended Complaint (ECF No. 13) in August 2013. At the time Plaintiff filed his Complaint and Amended Complaint, he knew the facts which would give rise to a deliberate indifference claim against Peggy Cranford. In other words, his cause of action against Peggy Cranford accrued over two years prior to the filing of this motion to amend. His later discovery of one potential piece of evidence to support his previously accrued claim against her does not somehow toll the statute of limitations.

Second, Plaintiff's proposed amendment does not relate back to his original or amended complaint under Rule 15(c). Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment to change the name "of the party against whom a claim is asserted" can relate back if the amendment is filed "within the time provided in Rule 4(m) for serving the summons and complaint," and the new defendant:

- (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
- (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Additionally, for an amendment to relate back under Rule 15(c)(1)(C), the amendment has

to assert a claim that arises out of the same "conduct, transaction or occurrence set out . . . in the original complaint." Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's proposed amendment does arise out of the same conduct set out in the original and amended complaints, but there is no allegation in the proposed amendment that Peggy Cranford received notice of the original action such that she will not be prejudiced by having to defend against this action on the merits or that she knew or should have known that this action should have been brought against her. Plaintiff states in conclusory fashion in his proposed amendment and reply to Defendant Tyndal's objection to the amendment that Peggy Cranford will not be prejudiced by the amendment, but he fails to provide any factual support for this conclusion. Similarly, there is no evidence in the record that Peggy Cranford received notice of the Complaint or Amended Complaint. Plaintiff's proposed amendment thus does not meet the requirements of Rule 15(c)(1)(C) and does not relate back to the filing of the original complaint.

Alternatively, under Rule 15(c)(1)(A), an amendment can relate back when the "law that provides the applicable statute of limitations allows relation back." In other words, Plaintiff's proposed amendment relates back if it would relate back under the rules for relation back in Georgia. *See, e.g., Saxton v. ACF Indus., Inc.,* 254 F.3d 959, 963 (11th Cir. 2001) ("[I]f an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law rules."). Georgia's relation back rules regarding adding parties are very similar to the federal rules. They require that the amendment arise out of the same conduct or occurrence as in the original complaint and

7

that, within the statute of limitations, the proposed party

> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

O.C.G.A. § 9-11-15(c). As discussed above, there is no evidence to show that Peggy Cranford received notice of this action such that she would not be prejudiced by having to defend against it now. The proposed amended complaint fails to even allege that she received notice of this action. Consequently, the proposed amendment does not relate back under the Georgia rules and should be denied as futile. *See, e.g., Presnell v. Paulding Cty.*, 454 F. App'x 763, 768 (11th Cir 2011) (affirming district court's denial of motion to amend as futile because plaintiff "wholly failed to show that either new party received notice of the institution of this action such that he would not be prejudiced[]").

Finally, Rule 15(d) does not apply to Plaintiff's proposed amendment. Rule 15(d) allows a party to supplement the pleadings to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff here seeks to amend to add in a new party concerning events that occurred prior to the filing of the original and amended complaint. Rule 15(d) is thus inapplicable. Plaintiff's proposed amendment complaint would thus be barred by the statute of limitations and should be denied as futile.

## II. Motion to Compel and Stay

On May 19, 2015, Plaintiff filed a motion to compel (ECF No. 56) discovery seeking additional information from Defendant Tyndal. After Defendant responded,

Plaintiff filed a "Notice of Good Faith" (ECF No. 59) seeking to stay a ruling on the motion to compel for ten days in an apparent attempt to comply with the good faith requirements of Federal Rule of Civil Procedure 37(a)(1).  Plaintiff's motion to stay is denied as moot. Furthermore, his motion to compel is denied as explained below.

Initially, Plaintiff's motion to compel is denied because it is filed outside the discovery period, which ended on May 5, 2015, and for Plaintiff's failure to initially comply with the good faith requirement in Rule 37(a)(1).  His later attempt to comply with the good faith requirement defeats the purpose of the rule which is to have the parties attempt to work out any discovery disputes without resorting to court action.  Fed. R. Civ. P. 37(a)(1); *see also* M.D. Ga. L. R. 37.  Furthermore, "[o]ur prior case law shows that motions to compel discovery should be filed before discovery closes."  *Harris v. Bishop*, No. 1:13-cv-53, 2014 WL 3385306, at *3 (M.D. Ga. July 9, 2014).  Plaintiff's motion to compel is thus denied for these two reasons.

Moreover, even if the Court excuses the deficiencies in Plaintiff's motion to compel, it is denied on the merits.  Although unclear, it appears that Plaintiff seeks further answers to his interrogatory requests number 4, 5, 6, 7, and 8 because he does not believe that Defendant has fully responded.  Defendant Tyndal answered Plaintiff's requests to the best of her knowledge, but since she no longer works for the Georgia Department of Corrections, she does not have access to many of the documents Plaintiff requests.  *See* Def's Resp. to Pl.'s Mot. to Compel 3-5, ECF No. 57.  The fact that Plaintiff disagrees with the content of some of Defendant's responses is not a ground for compelling discovery.  *See, e.g., Gray v. Faulkner,* 4 8 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact

9

that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect."); *Rong Ran v. Infinite Energy, Inc.*, No. 1:07–cv–249, 2010 WL 148240, at * 1 (N.D. Fla. Jan.12, 2010) ("Defendants have responded to Plaintiff's [discovery] requests, and the fact that Plaintiff disagrees with Defendants' responses does not provide a basis for this Court to order any relief."). Plaintiff also specifically asks the Court to direct Defendant Tyndal to subpoena answers from non-parties in reference to these discovery requests. Mot. to Compel 5. However, Defendant Tyndal is under no obligation to procure discovery responses from non-parties. To the contrary, interrogatories are to be answered "by the party to whom they are directed[.]" Fed. R. Civ. P. 33(b)(1)(A). If Plaintiff seeks information from non-parties, he may subpoena such information pursuant to Rule 45(c)(2). Plaintiff's motion to compel and motion to stay are consequently denied.

### III.  Motions for Summary Judgment

Defendant contends that she is entitled to summary judgment because the undisputed facts show that Defendant was not deliberately indifferent to Plaintiff's serious medical needs and Defendant is entitled to qualified immunity. Def.'s Br. in Supp. of Mot. for Summ. J. 6-10, ECF No. 50-4. Plaintiff conversely contends that he is entitled to summary judgment because he has shown that Defendant was deliberately indifferent to his serious medical needs and she is not entitled to qualified immunity. Pl.'s Mot. for Summ. J. 10-16, ECF No. 47. The parties agree that there are no questions of material fact that prevent summary judgment. For the reasons explained below, Defendant's motion

for summary judgment should be granted and Plaintiff's motion for summary judgment should be denied.

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### B. Undisputed Material Facts

Plaintiff's medical records indicate that he has been diagnosed with sleep apnea. Def.'s Resp. to Pl.'s Material Facts ¶ 3, ECF No. 52. Defendant Tyndal admits that persons diagnosed with sleep apnea may stop breathing, choke, and gasp for air while sleeping. *Id.* ¶ 4. The CPAP machine treats these symptoms. *Id.* ¶¶ 3-4. Sometime between July and August 2012, Plaintiff informed the medical department at DSP that his CPAP machine mask was malfunctioning and that the tubing was leaking. Compl. Attach. A-1 at 5-6, ECF No. 1-1. He requested that the parts be replaced. *Id.* In September 2012, Plaintiff met with Defendant Tyndal who instructed him to bring his CPAP manual to medical so that she could order the proper replacement parts. *Id.* at 7.

Defendant Tyndal was unsure if replacement parts could be obtained because Plaintiff's CPAP machine was outdated. *Id.* Plaintiff returned with the CPAP machine and Defendant Tyndal ordered replacement parts. *Id.*

When the replacement parts arrived, in late September or early October 2012, Plaintiff was directed to return to medical with his CPAP machine. Compl. Attach. A-1 at 8. The newly ordered CPAP mask and tubing did not fit Plaintiff's CPAP machine. *Id.* Defendant Tyndal told Plaintiff that his CPAP machine model had been discontinued and that he would likely need a new machine, but that she would continue to look for the proper replacement parts. *Id.* Plaintiff did not see Defendant Tyndal thereafter. *Id.*

On October 2, 2012, Defendant Tyndal began a continuous leave of absence from her job at DSP. Def.'s Material Facts ¶ 5; Finn Aff. ¶ 7, ECF No. 50-1. Defendant retired on December 31, 2012.[1] Def.'s Material Facts ¶ 6; Finn Aff. ¶ 7. Plaintiff filed a grievance seeking a working CPAP machine on January 3, 2013. Compl. Attach. A-1 at 8-9. That grievance was denied initially and on appeal. *Id*. at 9. There was no statement obtained from Defendant during the investigation of Plaintiff's grievance. Def.'s Material Facts ¶ 10; Chaney Aff. ¶ 9, ECF No. 50-2; *see also* Pl.'s Resp. to Def.'s Material Facts ¶ 8. Plaintiff filed this action on May 20, 2013. Compl. 7.

C.   Deliberate Indifference

Plaintiff contends that the above described actions constitute deliberate indifference

---

[1] Plaintiff disagrees with Defendant's retirement date based on Defendant's answer. *See* Pl.'s Resp. to Def.'s Material Facts ¶ 4, ECF No. 58-1. This disagreement, however, is over only one day—Plaintiff contends that Defendant retired on January 1, 2013. *Id.* The difference in these dates is immaterial for purpose of this recommendation.

in violation of the Eighth Amendment. Defendant disagrees. "The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted). "However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (internal quotation marks and citation omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*

Instead, "[t]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "Delay in treatment may, under certain circumstances, constitute deliberate indifference."

13

*Easley v. Dep't of Corr.*, 590 F. App'x 860, 869 (11th Cir. 2014).

It is clear from the undisputed facts above that Defendant was not deliberately indifferent to Plaintiff's serious medical need.[2] Defendant did not disregard a serious risk of harm to Plaintiff. To the contrary, she attempted to procure replacement parts for Plaintiff's CPAP machine. Plaintiff seeks to hold Defendant responsible for a delay in receiving a working CPAP machine, but it is unclear from the record when Defendant purportedly delayed in attempting to acquire a working CPAP machine for Plaintiff. During the month of September, Defendant ordered replacement parts, received the parts, sent for Plaintiff, and attempted to use those parts to fix Plaintiff's CPAP machine. By Plaintiff's own admission, this process took several weeks. On October 2, Defendant began a continuous leave from work which ended in her retirement on December 31, 2012 or January 1, 2013. Defendant cannot be held responsible for any alleged delay or inadequate care that occurred after she took leave from work. Furthermore, there is no allegation or evidence to show that Defendant knew in July or August that Plaintiff needed a new CPAP machine. Plaintiff has thus failed to show a constitutional violation occurred in this case and Defendant is entitled to summary judgment. For the same reason, Plaintiff's motion for summary judgment should be denied.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to compel (ECF No. 56) and motion to stay (ECF No. 59) are denied. It is recommended that Plaintiff's motion to

---

[2] The Court assumes for purposes of this motion that Plaintiff's sleep apnea is a serious medical need.

amend (ECF No. 48) and motion for summary judgment (ECF No. 47) be denied and that Defendant's motion for summary judgment (ECF No. 50) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 5th day of November, 2015.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE