IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLAH QUDDOOS ALLAH a/k/a ELIJAH THOMAS,   )<br>    )<br>Plaintiff,   )<br>    )<br>v.   )<br>    )<br>ANN TYNDAL,   )<br>    )<br>Defendant.   )<br>    ) | CIVIL ACTION NO. 5:13-CV-186 (MTT) |

### ORDER

United States Magistrate Judge Stephen Hyles denied the Plaintiff's motions to compel discovery and stay the case (Docs. 56; 59) and recommends denying the Plaintiff's motion to amend (Doc. 48) and motion for summary judgment (Doc. 47) and granting the Defendant's motion for summary judgment (Doc. 50). (Doc. 62). The Plaintiff has objected to the order denying the motion to compel discovery and the Recommendation. (Doc. 66).

**I.    The Plaintiff's Objection to the Order Denying the Motion to Compel**

The Court construes the Plaintiff's objection to the Magistrate Judge's order denying the motion to compel discovery as a motion for reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v.*

*Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff has not met this burden. He has not alleged an intervening change in the law, nor has he presented new evidence previously unavailable to him. Moreover, the Court is not persuaded the Magistrate Judge's ruling was clearly erroneous. Accordingly, the Plaintiff's motion for reconsideration is **DENIED**. (Doc. 66).

## II. The Plaintiff's Objection to the Recommendation

The Plaintiff objects to the Magistrate Judge's recommendation that the Plaintiff's motion to amend and motion for summary judgment be denied and that the Defendant's motion for summary judgment be granted. The Magistrate Judge recommends denying the Plaintiff's motion to amend as futile because the claims he seeks to add are barred by the statute of limitations. (Doc. 62 at 5-8). The Magistrate Judge recommends denying the Plaintiff's motion for summary judgment and granting the Defendant's motion for summary judgment because "it is clear from the undisputed facts … that Defendant was not deliberately indifferent to Plaintiff's serious medical need." (*Id.* at 14).

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and

recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  The Plaintiff's motion to amend (Doc. 48) is **DENIED as futile**.  The Plaintiff's motion for summary judgment (Doc. 47) is **DENIED**, and the Defendant's motion for summary judgment (Doc. 50) is **GRANTED**.

**SO ORDERED**, this 18th day of December, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT